## In re WEAVER.

District Court, W. D. Pennsylvania. March 23, 1929.

No. 14683.

Alexander Cooper, of Pittsburgh, Pa., for receiver.

Max J. Spann, of Pittsburgh, Pa., for bankrupt.

Jos. B. Weddell, of Pittsburgh, Pa., for respondent.

McVICAR, District Judge. The bankrupt above named filed his voluntary petition February 20, 1929. On the same day he was adjudicated a bankrupt, and H. E. Holman was appointed receiver. He immediately took possession of the property of the bankrupt, including that which is referred to hereinafter. On March 5, 1929, William Johe, landlord, caused a landlord's warrant to be issued and a levy made upon the personal property of the bankrupt found on the demised premises. The receiver then presented his petition to this court for an order to restrain the landlord from proceeding with his levy on said property. The landlord has filed an answer thereto. In his answer he avers that he has a right to retain the property levied upon for the reason that the bankrupt did not list the same in his schedules of property. The answer to this contention is that the bankrupt did subsequently include the property levied upon in his schedules, pursuant to permission from this court under an order dated March 8, 1929. However, the mere failure of the bankrupt to include property owned by him in his schedules would not give the landlord a right to levy thereon as against the creditors of the bankrupt, which are represented by the receiver.

The landlord also contends that he is entitled to maintain his levy by reason of a provision in the lease which reads as follows: "As a security for the rent, the Tenant grants, bargains and sells to the Lessor all property of every kind, on or to be brought on the premises, and whenever rent, or anything reserved as rent, is unpaid, the Lessor may seize or distrain said property, on or off the premises, and sell the same on due legal notice for all rent or other payments due as rent, expenses, etc., and for all rent not due hold the same as security."

No authority has been cited by counsel on either side interpreting this provision of the lease, which is a provision common to many leases used at the present time. This covenant does not confer on the landlord any power other than he may make a levy on the tenant's property while off the demised premises, which he could not have done without

such a provision in the lease. The covenant is not good as a sale, mortgage, or pledge in Pennsylvania as against creditors, for the reason that there was no delivery of the property; it remained on the demised premises and in the exclusive possession of the tenant.

Let an order be prepared in accordance with this opinion.